McGirk, C. J.,
delivered the opinion of the Court.
This was an action of debt on a bill, single obligatory. Clark, the defendant, pleaded a plea, that in the bill single, &c., he was only security for on'e Lucas, and that, in pursuance of the statute in such cases made and provided, he had given notice to plaintiffs to commence their suit against Lucas, which was not done in due time, &q.; and a plea of payment was pleaded by Lucas, the principal in this case. On both these pleas, issues are taken to the country. On the trial of the issue taken by Clark, his counsel moved the Court to instruct the jury, that unless the plaintiffs produced the writing declared on in evidence to them, that they could not recover against Clark, which writing was not produced, and the jury found for the de« *113 fendant, Clark; to which instruction of the Court, the plaintiffs’ counsel excepted, and there being judgment for the defendant, the cause is brought here for reversal.
The point submitted to the consideration of this Court, is a very clear one. It would have been to no purpose to have produced this bond; it would not have proved any of the matters in issue. If there had been any thing in the papers that would have militated for the defendant, he should have craved oyer of the bond, and set it out on the record. It is true, it is laid down as law, that on executing a writ of inquiry on a judgment by default, on an action on a promissory note, the Court will require the production of the note, (3 T. R. 302); but this doctrine has never been extended to actions on bonds.
The case before the Court, is the case of an issue on a collateral matter, and the rules of law that govern evidence on the trials of issues, must govern this case. One rule is, that which is admitted, need not be proved, nor is any proof required thereto; and, also, no proof is to be admitted or required, of that which is not in issue. Here, the facts in issue were extraneous the bond, with which the bond had nothing to do. The existence of the bond is admitted by the plea; its production, therefore, was not necessary. If the defendant knew endorsements of payment were on the bond, and he had pleaded payment, he might, perhaps, have compelled its production, by giving previous notice to produce it. The argument used here for defendant, that the issue is found for defendant, and that, being thus found, the judgment ought to stand. This is not a good argument, inasmuch as the instruction given by the Court might have been the reason for that finding. It is true, this Court will not reverse, for error, on abstract points of law. But the point here is no abstract point of law; it strikes at the very right of recovery.
This Court is of opinion, the instruction of the Circuit Court to the jury, was wrong. The judgment is, therefore, reversed. The cause is remanded to the Circuit Court to be tried again, and if the point hereby decided, again comes up, the Court is instructed to rule it for the plaintiff.